# United States Court of Appeals for the Federal Circuit

---

**EDWARD HEPLER,**
*Claimant-Appellant*

v.

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1400

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-4305, Judge Scott Laurer.

---

Decided: August 3, 2026

---

ILAN ROTH, Bergmann & Moore, LLC, Rockville, MD, argued for claimant-appellant. Also represented by GLENN R. BERGMANN, THOMAS POLSENO, DANIEL WEDEMEYER.

JOSHUA DAVID TULLY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK and TARANTO, *Circuit Judges*, and MOORE, *District Judge*.[1]

DYK, *Circuit Judge*.

After active-duty service in the Army in the Republic of Vietnam and in Kuwait, Edward Hepler applied for service-connected disability benefits for hypertension on a direct basis with the Department of Veterans Affairs ("VA"). The VA Regional Office ("RO") denied entitlement. Mr. Hepler filed a notice of disagreement and appealed this denial to the Board of Veterans' Appeals ("Board"). Over 11 years passed between when Mr. Hepler filed his claim for benefits and when the Board issued a decision on his appeal.

While Mr. Hepler's appeal was pending, Congress enacted the Sergeant First Class Heath Robinson Honoring our Promise to Address Comprehensive Toxics Act of 2022, Pub. L. No. 117–168, 136 Stat. 1759 (2022) ("PACT Act"), which creates a presumptive entitlement to service-connected benefits for hypertension for veterans who served in the Republic of Vietnam during a specified period based on exposure to Agent Orange. Benefits derived from the PACT Act may not be awarded for time prior to the enactment of the PACT Act. 38 U.S.C. § 5110(g); 38 C.F.R. § 3.114(a). The Board granted Mr. Hepler entitlement to service-connected benefits for hypertension based on the PACT Act. The Board did not directly address the direct service-connection claim, but "inform[ed] the RO that the evidence of record provides some indication that a relationship between the Veteran's hypertension and service may

---

[1]    Honorable K. Michael Moore, District Judge, United States District Court for the Southern District of Florida, sitting by designation.

exist on a direct basis" and that "[t]he RO should consider such evidence when assigning an effective date." J.A. 7.[2]

Mr. Hepler appealed the Board's decision to the Court of Appeals for Veterans Claims ("Veterans Court"), arguing that the Board failed to grant, deny, or remand the direct service-connection issue and that the grant of such benefits would result in an award of benefits for a period before the enactment of the PACT Act because Mr. Hepler filed his direct service-connection claim in 2011. The Veterans Court dismissed Mr. Hepler's appeal as moot because Mr. Hepler received entitlement to service-connected benefits under the PACT Act. Mr. Hepler appeals the Veterans Court's decision.

We conclude that the Veterans Court's decision is incorrect and that the Board was required to either grant or deny Mr. Hepler's claim for service-connected benefits on a direct basis or remand with instructions for further proceedings on this issue. We reverse.

BACKGROUND

Mr. Hepler served honorably in the Army from August 1970 to September 1973 and December 2003 to February 2005, attaining the rank of Command Sergeant Major. During his first period of active-duty service, Mr. Hepler served in the Republic of Vietnam. Mr. Hepler then served in Kuwait during Operation Iraqi Freedom during his second period of active-duty service. In addition to his service in the Army, Mr. Hepler served honorably in the Georgia Army National Guard from August 1986 to November 2011.

---

[2]    Citations to the "J.A." refer to the joint appendix filed by the parties, Dkt. No. 21.

On December 12, 2011, Mr. Hepler applied for disability benefits from the VA, including for benefits for hypertension. Mr. Hepler supplemented his application with a statement in support of his claim, where he wrote, "I believe the hypertension . . . is associated with my military service as with each progression in rank and the [ensuing] responsibility and stress [it has] continued to elevate." J.A. 89 (capitalization altered). Along with this statement, Mr. Hepler submitted a letter from a flight surgeon who served alongside him, which stated that hypertension was one of Mr. Hepler's illnesses and injuries that occurred while deployed between 2004 and 2005.

The RO denied Mr. Hepler entitlement to disability benefits for hypertension in a September 26, 2013, rating decision. On December 17, 2013, Mr. Hepler filed a notice of disagreement with the September 2013 rating decision. More than four years later, on April 5, 2018, the VA issued a statement of the case, again denying that Mr. Hepler was entitled to disability benefits for hypertension. On May 8, 2018, Mr. Hepler appealed to the Board and requested a hearing, which was conducted on October 1, 2021. While Mr. Hepler's appeal was pending at the Board, Mr. Hepler submitted additional medical records reflecting treatment for hypertension. Mr. Hepler also personally testified at the Board hearing as to why he believed his hypertension was directly connected to his active-duty service.

After the Board hearing (but before the Board issued a decision on Mr. Hepler's appeal), on August 10, 2022, Congress enacted the PACT Act. The PACT Act presumptively entitles veterans who served in the Republic of Vietnam during a specified period to service-connected benefits for certain conditions, including hypertension, due to exposure to the herbicide Agent Orange. 38 U.S.C. § 1116. Eligible veterans may receive disability benefits based on this presumption effective August 10, 2022, but cannot receive an earlier effective date for these presumptively service-connected benefits. 38 C.F.R. § 3.114(a).

On April 28, 2023, the Board granted Mr. Hepler entitlement to benefits for hypertension on a presumptive basis pursuant to the PACT Act. In its decision, the Board did not directly address the direct service-connection claim. While not discussing the direct service-connection claim, the Board "inform[ed] the RO that the evidence of record provides some indication that a relationship between the Veteran's hypertension and service may exist on a direct basis. The RO should consider such evidence when assigning an effective date." J.A. 7.

Mr. Hepler timely appealed the Board's decision to the Veterans Court, arguing that the Board erroneously failed to grant, deny, or remand his claim for service-connected benefits for hypertension on a direct basis. Mr. Hepler argued that had the Board addressed his claim for service-connected benefits for hypertension on a direct basis, he could have been entitled to an earlier effective date for such benefits, beginning when the VA received his December 2011 application for benefits.

On July 24, 2024, the Veterans Court dismissed Mr. Hepler's appeal as moot. This was so, it reasoned, because the Board granted service-connected benefits for hypertension under the PACT Act, "any concern with the effective date assigned for hypertension is a downstream issue and requires a separate appeal," J.A. 4, and so Mr. Hepler's challenge was "best suited for a decision that assigns [an effective date]," *id.*

On August 14, 2024, Mr. Hepler filed a motion for reconsideration or panel opinion. The Veterans Court denied Mr. Hepler's motion. Judge Bartley dissented, urging that the majority was incorrect and noting that "the Board now routinely cites the . . . [Veterans Court's decision in this case] . . . to support its determination that [the] VA is not obligated to adjudicate all reasonably raised theories of service connection in contention as to an earlier period even

given service connection grants under new PACT Act provisions." J.A. 35.

Mr. Hepler appeals to this court.

DISCUSSION

By statute, this court has jurisdiction over challenges to Veterans Court decisions "on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). "[W]hether the Veterans Court has jurisdiction over an issue is a matter of statutory interpretation and [is] thus within the scope of our jurisdiction under 38 U.S.C. § 7292." *Bean v. McDonough*, 66 F.4th 979, 986 (Fed. Cir. 2023). "Mootness is a jurisdictional question." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Mr. Hepler contends that the Veterans Court erred in determining that his appeal was moot. We agree. The Veterans Court held that Mr. Hepler's direct service connection for hypertension issue was moot because the veteran had been granted benefits under the PACT Act. This conclusion was incorrect.

A case may be dismissed as moot "only if 'it is impossible for a court to grant any effectual relief whatever' . . . assuming [appellant] prevails." *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 377 (2019) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). While the Veterans Court is not an Article III court bound by traditional standing requirements, "the Veterans Court, nevertheless, adheres to it, and does not decide hypothetical claims." *Padgett v. Nicholson*, 473 F.3d 1364, 1370 (Fed. Cir. 2007) (citing *Mokal v. Derwinski,* 1 Vet. App. 12, 13 (1990)).

"A veteran's claim for benefits . . . is comprised of related but separate issues," including entitlement to service-connected benefits, compensation rating, and effective date. *Davis v. Collins*, 176 F.4th 663, 669 (Fed. Cir. 2026).

Mr. Hepler's appeal concerned the issue of direct service connection for hypertension, rather than presumptive service connection for hypertension under the PACT Act (which did not exist at the time of his appeal). Such direct service-connection claims were explicitly preserved under the PACT Act. PACT Act, Pub. L. No. 117-168, § 407, 136 Stat. 1759, 1785 ("Nothing in this Act shall be construed to prevent the Secretary of Veterans Affairs from processing claims for benefits . . . for a condition or disease for which this Act establishes a presumption of service connection, as a claim for benefits for a condition or disease with direct service connection.").

This case involves a claim raised to the Board after its denial by the RO. In that context, we have held: "[W]hen a claim is adequately presented to the Board but not addressed by the Board, the Board's disposition of the appeal constitutes a decision of the Board on that claim that may be appealed to the Veterans Court." *Bean*, 66 F.4th at 989. The Board's failure to address the RO-denied claim is properly viewed as a Board (unexplained) denial of the claim. Mr. Hepler challenged the Board's decision "as improperly failing to address contentions clearly before the Board," i.e., his direct service-connection claim that the RO had denied. *Id.* at 989. Such challenges are within the Veterans Court's jurisdiction, *id.*, and therefore it had the "power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate," 38 U.S.C. § 7252(a); *Bean*, 66 F.4th at 989–90.

Here, the Veterans Court could have granted effectual relief to Mr. Hepler by requiring the Board to adjudicate Mr. Hepler's claim for service-connected benefits for hypertension on a direct basis (either by granting or denying Mr. Hepler's claim or by remanding this issue to the RO for further development). Mr. Hepler's requested relief—more than ten years' worth of past-due benefits—certainly provides the "chance of money changing hands" that confirms

that Mr. Hepler's appeal was not moot.[3]  *Mission Prod. Holdings,* 587 U.S. at 377; *see also id.* (citing 13C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3533.3 (3d ed. 1998) ("[A] case is not moot so long as a claim for monetary relief survives.")).

The government argues that the Board in fact remanded the direct service-connection issue to the RO, rendering the Board's decision on Mr. Hepler's hypertension benefits claim nonfinal, and that a veteran cannot be harmed by a nonfinal Board decision.  The Veterans Court did not conclude that the Board remanded the direct service-connection claim.  We also do not read the Board's decision as remanding Mr. Hepler's direct service-connection claim.  In this connection, it is significant that the RO in subsequent proceedings did not interpret the Board's decision as a remand of the direct service connection claim.  In July 20, 2023, and November 9, 2024, rating decisions, the RO failed to consider the evidence suggesting a direct connection between Mr. Hepler's hypertension and service.  First, in the July 2023 rating decision, the RO stated that "[t]his decision represents a Board of Veterans' Appeals grant that is considered to be a full and final determination of this issue on appeal" without addressing Mr. Hepler's evidence of a direct relationship between his hypertension

---

[3]    In determining that Mr. Hepler's appeal was moot, the Veterans Court relied on our nonprecedential order in *Aviles-Rivera v. McDonough,* No. 2022–2084, 2024 WL 2952689 (Fed. Cir. June 12, 2024) (nonprecedential).  We "will not give one of [our] own nonprecedential dispositions the effect of binding precedent."  FED. CIR. R. 32.1(d).  Nor do we discern any persuasive guidance or reasoning in *Aviles-Rivera.*  In that case, we simply concluded that the appeal was moot without further explanation.  *Aviles-Rivera,* 2024 WL 2952689, at *1.

and service. J.A. 186. The RO's passing reference to hypertension "not [being] shown in service" is not an evaluation of the direct service-connection claim. J.A. 186. And in the November 2024 rating decision, the RO stated that "[t]he effective date is the date of the law change, because no other avenue of service connection warranted [sic] prior to that date," again without considering Mr. Hepler's evidence of a direct connection between his hypertension and service. J.A. 189.

The direct service-connection claim and the PACT Act claim are separate and distinct claims based on different events. In the case of the PACT Act claim, the benefits are derived from Mr. Hepler's exposure to herbicides in the Republic of Vietnam. For the direct service-connection claim, Mr. Hepler claims entitlement to benefits based on the stress induced by his working conditions. Without a decision from the Board on this claim, the RO lacked authority to award direct service-connected benefits.

In recent decisions, both the Veterans Court and our court have recognized that for the VA to reach so-called downstream issues—like effective dates—the veteran must first succeed on the so-called upstream issue that he is entitled to the benefits which he claims. In *Davis v. Collins*, 176 F.4th 663 (Fed. Cir. 2026), we recently addressed the difference between upstream issues, such as service connection, and downstream issues, such as effective date and compensation level, and recognized that success on an upstream issue (entitlement to benefits) is necessary for consideration of a downstream issue (effective date). 176 F.4th at 669–70. Because the Board never adjudicated Mr. Hepler's claim for service-connected benefits on a direct basis, the RO could not assign an effective date for such benefits on remand.

Subsequently, after Mr. Hepler's appeal, the Veterans Court in a precedential opinion reached a different result and determined that the Board is required to adjudicate

claims for direct service-connected benefits even when the veteran is eligible for presumptive service-connected benefits. In *Johnson v. Collins*, 38 Vet. App. 151 (2025), the Veterans Court determined that the Board erred in concluding a veteran's appeal for direct service-connected benefits was moot when the veteran was presumptively entitled to benefits for the same condition under the PACT Act. 38 Vet. App. at 164. As it does in this case, the government argued that the veteran's appeal was "primarily seeking to establish an earlier effective date of benefits," and that this was a downstream issue that was not properly before the Board. *Id.* at 161–62. The Veterans Court rejected that argument, as the veteran "raised arguments regarding his entitlement under pre-PACT Act law and has not yet received one review on appeal, i.e., a Board decision, in response to the evidence and arguments he raised concerning his service . . . and entitlement to service connection under the body of law extant at that time." *Id.* at 162. Because "the Board failed to acknowledge and adjudicate a pending service-connection appeal properly within its power to review," the Veterans Court required the Board to adjudicate the veteran's direct service connection-claim on remand. *Id.* at 158; *see also Jablonski v. Collins*, No. 24-1360, 2025 WL 1579827, at *1 (Vet. App. June 4, 2025) (acknowledging that "an intervening grant of service connection under the [PACT Act] can't resolve pending, pre-PACT Act claims"); *Daisy v. Collins*, No. 24-7136, 2026 WL 242103, at *3 (Vet. App. Jan. 29, 2026) (agreeing with veteran that remand to Board was required to address direct service-connection issue because "claims for service connection under the PACT Act are separate and distinct from claims seeking service connection based on pre-PACT Act entitlement for the same disabilities").

We agree with these later Veterans Court decisions. We conclude that the Board was required to adjudicate Mr. Hepler's pre-PACT Act claim for service-connected benefits on a direct basis, and the Veterans Court erred by

failing to order the Board to do so. We have considered the government's other arguments and find them unpersuasive.

## CONCLUSION

We reverse the Veterans Court's decision. The Veterans Court must require the Board to either (1) grant or deny Mr. Hepler's claim for service-connected hypertension benefits on a direct basis; or (2) remand this issue to the RO with specific instructions for further evidence, clarification of evidence, or other action necessary to adjudicate this issue. On remand, the Board must proceed expeditiously with this determination.

## REVERSED AND REMANDED

### COSTS

Costs to Mr. Hepler.